UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NITA PATEL, § § *Plaintiff,* § § v. § § STATE FARM LLOYDS, § § *Defendant.* § | Civil Action No. 3:24-CV-0428-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Nita Patel's motion for leave to amend. (Doc. 23). Having considered the parties' arguments, the underlying facts, and the applicable caselaw, the Court **DENIES** the motion for leave to amend. (Doc. 23).

### I. Background

This is an insurance coverage case. Nita Patel owns a Texas commercial insurance policy issued by Defendant State Farm that provides coverage for her business property. Patel alleges that on July 6, 2023, her business property sustained water damage, including damage to the walls, flooring, and destroying valuable pieces of fine art. Patel alleges that before the water damage incident occurred, she brought up concerns regarding her policy coverage with her State Farm Insurance agent, Dale E. Johnson ("Johnson"). In early 2024, Patel filed suit against State Farm in state court, and State Farm removed the case to this Court. Around three months later, Patel filed the present motion seeking to join Johnson as a defendant. The motion is ripe for this Court's consideration.

1

## II. Legal Standard

Typically, Rule 15 of the Federal Rules of Civil Procedure "control when a plaintiff seeks to . . . amend their pleadings."[1]  Rule 15(a) requires a trial court "to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[2]  And, a district court must possess a "substantial reason" to deny a request for leave to amend.[3]  However, motions for leave to amend are not always governed by Rule 15; if amending the complaint would destroy the court's jurisdictional basis, such request "necessarily implicates considerations and analyses beyond a typical Rule 15 motion."[4]  "A motion for leave to amend to add a nondiverse party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule 15(a)."[5]

28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[6] District courts "must scrutinize such amendment more closely than an ordinary

---

[1] *Smith v. Walmart Inc.*, No. 4:21-CV-1298-P, 2021 WL 5630918, at *1 (N.D. Tex. Dec. 1, 2021) (Pittman, J.).

[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (cleaned up).

[3] *Id.*

[4] *Smith,* 2021 WL 5630918, at *1.

[5] *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009).

[6] 28 U.S.C. § 1447(e).

amendment . . . and should use its discretion in deciding whether to allow that party to be added."[7]

## III. Analysis

The Court concludes that leave to amend is improper here. 28 U.S.C. § 1447(e)[8] requires examining four factors as first established by the Fifth Circuit in *Hensgens v. Deere & Co.*[9]

In *Hensgens*, the Fifth Circuit outlined four factors that courts should consider when determining whether to permit post-removal joinder of a non-diverse defendant:

> (1) the extent to which the purpose of the joinder is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in seeking joinder; (3) whether plaintiff would be significantly injured if joinder is not allowed; and (4) any other factors bearing on the equities.[10]

The Court discusses the four factors in turn.

### A. Defeating Jurisdiction

The first factor—whether the purpose of joinder is to defeat federal jurisdiction—turns on three considerations: "[i] the viability of the claims alleged

---

[7] *Diaz v. Quantem Aviation Servs., LLC*, No. 3:23-CV-1975-B, 2024 WL 1607066, at *1 (N.D. Tex. Apr. 11, 2024) (Boyle, J.).

[8] 28 U.S.C. § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[9] *See Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987); *see, e.g.*, *Rosa v. Aqualine Res., Inc.*, No. CIV.A.3:04-CV-0915-B, 2004 WL 2479900, at *1 (N.D. Tex. Oct. 28, 2004) (Boyle, J.) ("Although section 1447(e) does not delineate standards by which a district court's discretion should be guided, the Fifth Circuit's decision in *Hensgens*, decided before section 1447(e)'s adoption, enumerates several factors that should be considered when engaging in post-removal joinder determinations.").

[10] *Hensgens*, 833 F.2d at 1182.

3

against a new defendant, [ii] the timing of a plaintiff's attempt to add the defendant, and [iii] whether the plaintiff knew or should have known the identity of the new defendant prior to removal."[11]

The first consideration—the viability of claims alleged the new defendant—is generally analyzed similarly to claims subject to a Rule 12(b)(6) pleading standard.[12] If new claims introduced by the plaintiff against the non-diverse defendant are nonviable, the first factor automatically weighs in favor of the defendant.[13] Here, Patel does not provide arguments that its claims against the non-diverse defendant are "viable" or that they are plausibly plead. Nor does Patel provide any other support refuting that the "purpose of the proposed amendment [was] to defeat federal jurisdiction."[14] Patel's proposed amended complaint fails to allege any actionable misrepresentation by Johnson.

The second consideration under this factor—the *timing* of Patel's amendment—has some slight overlap with the next factor analyzing a plaintiff's dilatoriness. "[I]f the plaintiff knew of the nondiverse defendant from the outset and chose to exclude him from the original pleading, the [C]ourt views this fact with much suspicion."[15] But, on the other hand, if the plaintiff "did not know the nondiverse

---

[11] *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, No. 3:15-cv-01707-M, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015) (Lynn, J.).

[12] *See Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, No. 3:15-CV-1336-M, 2015 WL 4629681, at *3 (N.D. Tex. Aug. 4, 2015) (Lynn, J.).

[13] *See id.* at *2 ("[I]f the claims alleged against the nondiverse defendant are not viable, this factor clearly weighs in favor of denying joinder.").

[14] *See generally* Doc 25 at 2–3.

[15] *Andrews Restoration, Inc.*, 2015 WL 4629681, at *4.

defendant's identity at the time the complaint was filed it is less likely that the plaintiff is joining the nondiverse defendant to destroy diversity."[16]

Here, Patel has known of the identity of the diversity-killing defendant long before her filing for leave to amend, dating at least all the way back to when she filed her original complaint.[17] The Court's suspicion is indeed raised at the outset for this factor. And while the circumstantial timing of Patel's request for leave to amend (*i.e.*, that Plaintiff moved to amend three months after removal) does not sufficiently persuade the Court, *all* three considerations, when lumped together, help tip the scales for State Farm. The Court finds the first factor weighs in favor of State Farm.

### B. Dilatoriness

The second factor examines whether the plaintiff delayed, and if so, for how long. "There is not an exact timeframe to determine when a proposed amendment is considered dilatory."[18] But the Court may consider whether (1) significant activity has transpired since the pleading stage, and (2) the plaintiff knew or should have known of the proposed defendant's identity and involvement.[19]

Generally, if a plaintiff amends their complaint "before any trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred," a plaintiff has not been dilatory.[20] Here, not much activity has occurred in

---

[16] *Id.*

[17] *See* Doc. 1-3.

[18] *Ascent Emergency Med. Ctr. LLC v. Zelis Claims Integrity, LLC*, No. 3:23-CV-2523-D, 2024 WL 2097708, at *3 (N.D. Tex. May 8, 2024) (Fitzwater, J.).

[19] *See id.*

[20] *Est. of Brandon Alex through Coker v. T-Mobile US, Inc.*, No. 3:17-CV-2622-M, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (Lynn, J.).

this case since the pleading stage, but whether "the plaintiff knew or should have known of the proposed defendant's identity and involvement" does tilt the scales in State Farm's favor. An amendment is still dilatory if the plaintiff "had ample information about [proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court."[21]

Here, around three months passed between when Patel filed the original complaint and when she moved for leave to amend. And Patel knew of the diverse defendant at the time she filed her original complaint, which mentions Johnson repeatedly.[22] Patel offers no explanation as to why she did not sue Johnson in that complaint or waited three months to join additional parties. As a result, the Court finds that Patel was dilatory. This factor weighs strongly in favor of the Defendant.

### C. Significant Injury

The third factor—whether Plaintiff will be significantly injured—turns on considering the "'cost, judicial efficiency, and possible inconsistency of results that might result if a plaintiff is forced to try two related claims in different courts."[23] However, "mere potential for parallel litigation . . . is not grounds for granting the amendment; the party must show that it will be significantly injured if the court denies joinder."[24]

---

[21] *Id.*

[22] Doc. 1-3 at 11–12.

[23] *Andrews Restoration, Inc.*, 2015 WL 4629681, at *6; *see also Bonilla v. America's Servicing Co.*, Civil Action No. H–11–1974, 2011 WL 3882280, at *4 (S.D. Tex. Sept. 2, 2011).

[24] *Andrews Restoration, Inc.*, 2015 WL 4629681, at *6.

Here, Patel can pursue the non-diverse Defendant, Johnson, in state court to "prosecute the losses suffered as a result of State Farm and its agent's own misconduct."[25] And State Farm "is a national . . . company seemingly capable of satisfying the entire judgment without contribution from [the non-diverse defendant]."[26] As such, this factor weighs against allowing Patel's amendment.

### D. Other Factors

The fourth factor— any other equitable factors—warrants no in-depth consideration. This factor's purpose is to address any "unique circumstances presented."[27] Not every consideration is a "unique circumstance."[28] If there are no unique circumstances, this factor is neutral.[29]

Patel does sufficiently prove—or even argue—that any unique circumstances exist in this case. As such, the Court agrees with State Farm that there are no unique circumstances that tip this factor in Patel's favor, and this factor is neutral.

The first three of the factors weigh in favor of State Farm and the fourth is neutral. Patel's leave for amend should be denied.

---

[25] Doc. 25 at 2.

[26] *Andrews Restoration, Inc,* 2015 WL 4629681, at *7; *see Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 892 (S.D. Tex. 2010).

[27] *Bonilla*, 2011 WL 3882280, at *5.

[28] *See, e.g.*, *Andrews Restoration, Inc.*, 2015 WL 4629681, at *7 (providing as an example that the argument "to have all potentially liable parties in one proceeding" does not constitute for plaintiff a "significant equitable interest[]" under this factor).

[29] *Skinner Capital LLC v. Arbor E&T, LLC*, No. 3:23-CV-2320-D, 2024 WL 1219235, at *4 (N.D. Tex. Mar. 21, 2024) (Fitzwater, J.).

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Patel's motion for leave to amend. (Doc. 23).

**IT IS SO ORDERED** this 28th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE