UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NINA PATEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0428-X |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are motions for a hearing (Doc. 32) and a continuance of discovery deadlines (Doc. 33). Additionally, the Court requested briefing on the issue of whether or not there is a live case or controversy. (Doc. 27). Having considered the parties' briefing, the Court **GRANTS** the motion for a continuance. (Doc. 33). Plaintiff Nina Patel has fourteen days from the date of this order and Defendant State Farm Lloyds (State Farm) has twenty-eight days from the date of this order to designate experts. Additionally, each deadline that has not yet passed in the Scheduling Order (Doc. 16) and that is not directly related to the trial date is continued for one month. Further, the Court **FINDS** that there is a live case or controversy. The Court further **FINDS AS MOOT** the motion for a hearing. (Doc. 32).

### I. Factual Background

State Farm insured Patel's business property. When Patel's neighbor suffered a water leak, the water reached Patel's business, ultimately destroying valuable

1

artwork.  Patel filed an insurance claim and now admits that State Farm paid under the policy, but Patel avers that the limits under that policy were incorrect and that the policy should have had a different limit.[1]  Patel blames Dale Johnson, a State Farm employee, for why she did not receive coverage up to the limit that she thought she was entitled to.[2]  Before the water destroyed Patel's artwork, Patel claims that Johnson told her that she would be fully covered and that she need not worry about her coverage limits because she would be fully covered.  Apparently, Patel interpreted this to mean that she should not go seek further coverage nor seek to change the limits on her policy because she didn't need to, and Johnson's oral statement might have changed the limits of the underlying policy.

## II. Live Case or Controversy

To establish a live case or controversy one must have standing, which has three elements.[3]  Only one appears to be at issue: injury-in-fact.  At the pleading stage, the burden to show an injury is at its lowest level, because the plaintiff need only "clearly allege facts demonstrating each element."[4]  "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[5]

Without looking to the merits of Patel's claims, Patel properly pleads an injury.

---

[1] Doc. 30 at 1.

[2] Doc. 30 at 1.

[3] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (cleaned up).

[4] *Id.* (cleaned up).

[5] *Id.* at 339 (cleaned up).

Specifically, she pleads that Dale Johnson, a State Farm employee, told her that her artwork would be "fully covered and that she had nothing to worry about."[6]  As it turned out, State Farm covered only $30,800 worth of damage.[7]  Patel thought she was covered and alleged that if she had known the truth about what the policy covered, she would not have purchased State Farm's policy.[8]  In other words, it appears she relied on the representations of State Farm in declining to obtain a new policy and, as a result, received less coverage than she otherwise would have received. So, Patel has sufficiently alleged an injury for Article III purposes.  In sum, because Patel "has alleged damages resulting from State Farm's conduct in connection with the Policy under which she is a named beneficiary, and an award of damages would remedy that loss . . . the court has jurisdiction" under Article III.[9]  As a result, the Court may reach the claims relating to the Policy, which are all the claims presented here.[10]

This case is not moot, either.  "As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."[11]  This means a "case should not be declared moot as long as the parties

---

[6] Doc. 1-3 at 11.

[7] Doc. 1-3 at 11.  The exact amount of this may be disputed, as State Farm claims the coverage limit was $10,800.  Doc. 28 at 4.

[8] Doc. 1-3 at 11–12.

[9] *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2020 WL 2812866, at *6 (N.D. Tex. May 30, 2020) (Lindsay, J.).

[10] *Id.*; *see Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800 (5th Cir. 2012) ("Injuries to rights recognized at common law—property, contracts, and torts— have always been sufficient for standing purposes.").

[11] *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (cleaned up).

maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation."[12] That is the case here. Because there is still a controversy as to the amount State Farm should have paid Patel or concerning Johnson's representations, there is an actual legal controversy and the Court may yet provide relief.

State Farm seems to make two arguments relating to whether someone can recover amounts over the policy when the policy amount has already been paid: that the independent injury rule applies and that the extra-contractual claims made against State Farm cannot proceed under Texas law because the policy had been paid.[13] That may or may not be right, but at this stage it doesn't matter. A determination on those grounds is a merits determination, not a jurisdictional one.[14] Because there is no motion to dismiss under Rule 12(b)(6) or a motion for summary judgment pending before the Court, the Court declines to engage in that analysis.

### III. Motion to Continue

The Fifth Circuit generally prefers to getting to the merits rather than resolving cases on procedural grounds. Therefore, Patel has fourteen days from the date of this order and State Farm has twenty-eight days from the date of this order to designate experts. Additionally, each deadline that has not yet passed in the

---

[12] *Id.* (cleaned up).

[13] Doc. 28 at 3–4.

[14] *See Davis v. United States*, 564 U.S. 229, 249 n.10 (2011) (emphasizing that "one must not confus[e] weakness on the merits with absence of Article III standing"); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Scheduling Order (Doc. 16) and that is not directly related to the trial date is continued for one month. For example, this means the fact discovery deadline is moved to December 8, 2024, but the joint pretrial order is still due on March 24, 2025.

## IV. Conclusion

For the foregoing reasons, the Court **FINDS** that there is a live case or controversy. The Court also **GRANTS** Patel's motion for a continuance. (Doc. 33). Patel has fourteen days from the date of this order and State Farm has twenty-eight days from the date of this order to designate experts. Additionally, each deadline that has not yet passed in the Scheduling Order (Doc. 16) and that is not directly related to the trial date is continued for one month. The Court **FINDS AS MOOT** the motion for a hearing. (Doc. 32).

**IT IS SO ORDERED** this 4th day of November, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE